

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS PALOS, | ) | 1:07-CV-01261 LJO NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| D. K. SISTO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On December 9, 2005, Petitioner pled nolo contendere to a felony violation of assault with a firearm (Cal. Penal Code § 248(a)(2)), with special allegations of participating in a criminal street gang (Cal. Penal Code § 186.22(b)(1)) and personal use of a firearm (Cal. Penal Code § 12022.5(a)(1)). See Petition at 5(1).  The court imposed a total determinate term of fifteen years as follows: two years for assault with a firearm; ten years for the criminal street gang enhancement; and three years for the personal use of a firearm enhancement. Id.

   On August 21, 2007, Petitioner filed the instant petition in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated August 30, 2007, the instant petition was transferred to the Fresno Division and received in this Court. In his

petition, Petitioner challenges the sentencing enhancement imposed pursuant to Cal. Penal Code § 186.22(b)(1) as unconstitutionally vague and overbroad as applied to him. Petitioner states he has exhausted his state remedies by filing a habeas petition in the California Supreme Court that was denied on May 9, 2007.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA applies to all petitions for writ of habeas corpus filed after the enactment of the AEDPA. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*).  Petitioner filed this petition for writ of habeas corpus on August 21, 2007.  Because Petitioner filed his federal petition for writ of habeas corpus after April 24, 1996, the AEDPA applies to the petition.

Under the AEDPA, a federal court may only grant a petition for writ of habeas corpus on a claim that the state court has heard on the merits if the state court's decision (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). In addition, the state court's factual determinations must be presumed correct, and this Court must accept all factual findings made by the state court unless petitioner can rebut "the presumption of correctness by clear

and convincing evidence." 28 U.S.C. § 2254(e)(1).

C. Whether California's Gang Enhancement Statute is Unconstitutionally Vague

Petitioner contends that California Penal Code §186.22 (b)(1), the gang enhancement statute, is vague and overbroad. Specifically, Petitioner alleges that the statute fails to adequately define gang membership and gang membership is defined so broadly that few organizations are excluded.

At the time of Petitioner's offenses, section 186.22 provided:

> (b)(1) Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows. . . .
>
> (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years. . . .
>
> (e) As used in this chapter, "pattern of criminal gang activity" means the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of the following offenses, provided at least one of those offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses were committed on separate occasions, or by two or more persons: . . . .[1]
>
> (f) As used in this chapter, "criminal street gang" means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity.

Petitioner contends that this statute is so vague that it violates the Constitution. The test for vagueness is whether the statute gives adequate notice to people of ordinary intelligence what conduct is prohibited by the statute. Melugin v. Hames, 38 F.3d 1478 (9th Cir. 1994); see also Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688 (1971). In addition, a statute must establish minimal guidelines for law enforcement and not grant law enforcement undue discretion. United States v. Sorenson, 914 F.2d 173, 174 (9th Cir. 1990); United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir. 1990). When determining if a statute is vague, the Court

---

[1] The subdivision then lists thirty-three categories of predicate offenses. These offenses include, among others: "assault with a deadly weapon or by means of force likely to produce great bodily injury, as defined in Section 245.

should look at the common understanding of the statute's terms.  Broadrick v. Oklahoma, 413 U.S. 601, 608, 93 S.Ct. 2908, 2913 (1973); United States v. Fitzgerald, 882 F.2d 397, 398 (9th Cir. 1989).  Finally, unless First Amendment freedoms are implicated, petitioner's vagueness challenge cannot rest on arguments that the statute is vague in hypothetical application and petitioner must show how the law is vague as applied to the facts of petitioner's case.  United States v. Johnson, 130 F.3d 1352, 1354 (9th 1997); Fitzgerald, 992 F.2d at 398.

Petitioner contends that the definition of a criminal street gang is vague and overbroad.  Under California law, section 186.22 defines a criminal street gang as:  (1) an ongoing association of three or more persons sharing a common name or common identifying sign or symbol;  (2) one of the group's primary activities is the commission of one of the specified predicate offenses;  and (3) the group's members "engage in or have engaged in a pattern of criminal gang activity."  People v. Gardeley, 14 Cal.4th 605, 616-617 (1996).  The term "pattern of criminal gang activity" is defined in section 186.22(e) as "the commission of, attempted commission of, conspiracy to commit, or solicitation of, . . ., or conviction of two or more of [the statutorily enumerated 'predicate offenses'] . . ."  Section 186.22(e) then lists the specific offenses that qualify as predicate offenses.  Assault with a firearm is included as a predicate offense.  See California Penal Code § 186.22(e).

These requirements are not vague and overbroad.  What makes section 186.22's definition of a criminal street gang to not include most organizations in America is the requirement that one of the group's primary activities be the commission of crime.  See People v. Gamez,  235 Cal.App.3d 957, 971 (1991), *disapproved on other grounds in* Gardeley, 14 Cal.4th at 624 n.10.  The statute does not make membership in a group criminal, but rather the active participation in a criminal street gang by one who devotes a substantial part of his time and effort to the gang's illegal activities criminal.  Id. at 972; People v. Green, 227 Cal.App.3d 692, 700 (1991).

Section 186.22 does not suffer from the same infirmity as the statute in Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 616 (1939).  In Lanzetta, the state had made it unlawful to be a member of any gang whose members had been convicted for crimes or disorderly conduct.  Id. at 452.  The Supreme Court held that the phrase "known to be a member" was ambiguous and the statute failed to adequately define membership.  Id. at 458.  Unlike the statute in Lanzetta, section

186.22 does not criminalize gang membership.  Section 186.22(a) criminalizes promoting, furthering, or assisting a criminal street gang in furtherance of its criminal purpose.  And, section 186.22(b) enhances the sentence for a crime that is committed in furtherance of a gang's criminal purpose.

Petitioner's allegation that a group of Hispanics who wears red clothing and has the number "14" tattooed on their backs meets the definition of a criminal street gang is ill founded.  While the group may share a common dress and mark, the primary function of this referenced group of individuals, unlike a criminal street gang, is not illegal activity.  As the court in Gamez recognized when a similar example of the Los Angeles Police department being a criminal street gang was raised – while it is possible that a police officer or a judge may engage in criminal activity even while acting in his official capacity, the primary activity of police officers and judges as a group is not to engage in criminal activity.  See Gamez, 235 Cal.App.3d at 970-71.  The lack of an illegal purpose to the group makes judges, police officers, and most organizations in the United States not criminal street gangs under section 186.22.

Section 186.22 specifically lists the conduct that makes a group a criminal street gang. Section 186.22 provided sufficient information for the jury to determine if Petitioner was a member of a gang, if petitioner's gang's primary activity was the commission of crimes, if the gang's members engaged in a pattern of criminal activity, and if Petitioner's offenses were committed "to promote[], further[], or assist[] in any felonious criminal conduct by members of that gang."  Cal. Penal Code § 186.22(b) (1991); In re Alberto R., 235 Cal.App.3d 1309, 1323 (1991).  The California state court's finding that section 186.22 is not unconstitutionally vague or overbroad was not contrary to or an unreasonable application of clearly established Federal law, and as such, no habeas relief is available.  See 28 U.S.C. § 2254(d). Because it plainly appears from the petition that Petitioner is not entitled to relief in the District Court, the petition should be summarily rejected.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DENIED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

U.S. District Court
E. D. California        cd                                    5

Case 1:07-cv-01261-LJO-GSA    Document 8    Filed 09/11/07    Page 6 of 6

1  This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 10, 2007**                **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California          cd                    6