UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS PALOS, | ) | 1:07-CV-01261 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RELIEF FROM JUDGMENT |
| v. | ) | |
| | ) | [Doc. #12] |
| D. K. SISTO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 11, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be SUMMARILY DENIED and judgment be entered. On October 25, 2007, the undersigned issued an Order adopting the Findings and Recommendation in full, denying the petition, and directing that judgment be entered.  The Clerk of Court entered judgment on the same date.

On December 27, 2007, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

the court may relieve a party or a party's legal representative from a final judgment,

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner argues he should be granted relief from judgment for excusable neglect. He states he failed to timely file objections to the Findings and Recommendation because he entrusted the matter of his objections to another inmate who mishandled and lost it. Based on this submission, the Court finds that Petitioner has failed to demonstrate excusable neglect pursuant to Rule 60(b).

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   January 2, 2008**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE